UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY BLAIR,<br><br>         Plaintiff,<br><br>     v.<br><br>RICHARD MALONEY,<br><br>         Defendant. | CASE NO. C12-2001RSM<br><br>ORDER OF REMAND |

This matter is now before the Court for consideration of a Notice of Removal filed by defendant Richard Maloney. Dkt. # 1. This action was filed in King County Superior Court as a petition for a protective order from domestic violence, on or about August 12, 2012. Defendant, appearing *pro se*, removed it to this Court on November 9, 2012. Having *sua sponte* considered the Notice of Removal and the complaint filed in state court, the Court has determined that the Notice of Removal is defective and does not state a basis for this Court's jurisdiction.

LEGAL STANDARD AND ANALYSIS

Defendant purportedly removed this action from state court by invoking this Court's jurisdiction on diversity grounds. Although defendant provides no statutory authority, he appears to invoke the

ORDER - 1

diversity of citizenship provisions under 28 U.S.C. § 1332. This section creates federal jurisdiction over state law causes of action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a), (b). The petition for a protective order here does not allege any specific amount in damages, nor can it.

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992). This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir.1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it...."). A court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Snell v. Cleveland, Inc.,* 316 F. 3d 822, 826 (9th Cir. 2002); *citing* Fed.R.Civ.Proc. 12(h)(3).

Where, as here, the complaint filed in state court does not specify damages, "it is not facially evident from the complaint that more than $75,000 is in controversy, [and] the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir.2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004). "In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mutual Auto. Ins. Co*., 116 F. 3d 373, 375 (9th Cir. 1997) (*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 290 (1938). Accordingly, the removing defendant must set forth "in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992)*; see also Wilson v. Union Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1261-63 (D.Idaho 2003).

Defendant here has failed to make the requisite showing of facts which demonstrate by a preponderance of the evidence that the plaintiff seeks damages in excess of $75,000. Indeed, plaintiff

ORDER - 2

seeks no damages at all; she seeks a protective order from defendant. There is no basis for federal jurisdiction in this matter.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990). Defendant has not overcome this presumption or met this burden by a preponderance of the evidence.

Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 12-2-28159-9 KNT. This Order shall take effect immediately. Local Rule CR 3(h). The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 7th day of December 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3